IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kendall Holdings, Ltd.,          :

    Plaintiff,               :

  v.                           :  Case No. 2:08-cv-0390
                                         :
Eden Cryogenics, LLC, et al.,    :  JUDGE HOLSCHUH
                                         :
    Defendants.

ORDER

This case is currently before the Court to consider defendants' motion to bifurcate discovery. For the following reasons, the motion will be denied.

I. Background

By way of brief background, this case involves the plaintiff's claim that two of its former employees misappropriated shop drawings and other protected information when they left plaintiff's employ, and subsequently reproduced and used those drawings in a competing business. The current complaint asserts a claim of copyright infringement as well as a number of state law claims.

Early in the case, the Court met with the parties to discuss the possibility of settlement. At that time, it was defendants' position that even if they had misappropriated or copied certain shop drawings, the damage caused by that action was not extensive and might well be dwarfed by the cost of litigation. The Court and the parties worked together to create a procedure through which plaintiff (referred to as "New PHPK") would obtain information about how many, and which, shop drawings might have been misappropriated, and would then explain its theory of damages based on that information.

Although that process was not without its glitches, it eventually led to New PHPK's production of a report estimating the cost of creating some 297 shop drawings from scratch. Although defendants do not agree with the conclusions in that report, they note that even if it is accurate, and especially if the potential damages fall somewhere between New PHPK's estimate and their own, it is very likely that the recoverable damages in this case will be a fraction of the estimated litigation costs. Defendants therefore argue that a reverse bifurcation of discovery, with damages discovery coming first, represents the most efficient use of the parties' resources, and that the case may well settle after each side is fully informed on the damages issue. New PHPK opposes such bifurcation for reasons more fully explored below.

## II. Discussion

The Court does, of course, have broad discretion in the way in which it manages cases on its docket, and may make orders either of consolidation or severance of cases or issues if such orders will promote the efficient conduct of the litigation. Fed.R.Civ.P. 42; see also In re Bendectin Litigation, 857 F.2d 290, 308 (6th Cir. 1988). The question here is not so much the power of the Court to grant defendants' motion, but whether it would be a sound exercise of discretion, taking into account the efficiencies which would be achieved and balancing them against the potential prejudice to either party. See Moss v. Associated Transport, Inc., 344 F.2d 23, 26 (6th Cir. 1965); see also Haworth, Inc. v. Herman Miller, Inc., 1993 WL 761974, *1 (W.D. Mich. July 20, 1993).

Although there is some surface appeal to defendants' arguments, in the end the Court finds New PHPK's position the more persuasive. While it may be true that the bulk of the damage claim centers around the cost to reproduce the shop

drawings in question, it appears both that there are additional drawings at issue and other types of damages which may be claimed.  Further, there is some amount of overlap between the liability and damages issues, as well as a likelihood that many witnesses will be knowledgeable about both issues - particularly the individual defendants.  That being the case, bifurcation would make it probable that many witnesses would have to be deposed more than once.  Finally, and perhaps most tellingly, the parties have already progressed fairly far down the path suggested by defendants.  They did focus their initial efforts on trying to quantify the damages and using the results of that process as a springboard to productive settlement discussions. Unfortunately, they made little headway.  There is no reason to believe that if the process were made more formal, the parties' positions would move closer together and therefore make settlement more likely.  Consequently, liability discovery appears inevitable, and it would be more efficient to conduct all discovery at once if it will all have to be done even despite bifurcation.  Cf. Plummer v. United States, 580 F.2d 72 (3d Cir. 1978) (bifurcation of damage issue ordered when a finding of no damages was possible, thus creating a possibility that a liability trial would not be necessary).

Further, a reverse bifurcation is not the only tool available to the Court to address the prospect that the cost of litigation might outweigh the benefit of any recovery which New PHPK might obtain.  Fed.R.Civ.P. 26(b)(2)(C)(iii) specifically mandates a cost-benefit analysis concerning discovery, directing the Court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Here, defendants are free to suggest to New PHPK that the overall cost of discovery be held within reasonable limits given the amount at stake in the case, and, if no agreement can be reached, to ask the Court to intervene and exercise its authority under Rule 26. Given the Court's view that bifurcated discovery will not be the more efficient way to proceed, this option would appear to create the best opportunity (apart from an early settlement) for the parties not to spend more money litigating the case than it is worth.

### III. Disposition

For the foregoing reasons, the motion to bifurcate discovery (#42) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge